**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Lawrence S. Walter
United States Bankruptcy Judge

**Dated: July 22, 2013**

_____

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re:  MATTHEW K. RANDALL<br>           LESLIE R. RANDALL,<br><br>                              *Debtors* | Case No.    12-35462<br><br>Judge Humphrey<br>Chapter 7 |

**Order Vacating Order Granting Motion to Redeem
Personal Property (doc. 47) and Requiring Filing**

This matter is before the court on *Creditor eCast Settlement Corporation, Assignee of Capital One, N.A.'s ("eCast") Motion for Relief from Judgment* (doc. 51).

On May 27, 2013 the Debtors filed a *Motion to Redeem Personal Property (4-Wheeler) Pursuant to 11 U.S.C. § 722* (doc. 37). The Debtors' Motion seeks to redeem a 2009 Polaris 4-Wheeler All-Terrain Vehicle ("ATV") and asserts that the value of the ATV is $2,000.

On June 17, 2013 counsel for eCast filed a document captioned *Appearance* (doc. 44), using "Objection" as the document filing event in the court's Electronic Case Filing ("ECF") system. The Clerk's Office promptly sent an email notification (DART) advising counsel that the document as filed ("Appearance") did not match the docket text ("Objection"), and to "[p]lease take the appropriate action to ensure that the PDF document matches docket

text, for example, file an amended document or withdraw the document and re-file using the correct docketing event." Despite this notification and the opportunity to correct the filing, the Creditor's counsel did not amend her filing. On July 8, 2013 the court, noting that an objection to the Motion had not been filed, granted the Debtors' Motion to Redeem (doc. 47).

Although the docketing events and docket text used in ECF make it convenient to ascertain at a glance what has been filed in a particular case, the court generally makes no assumptions as to what a party may have intended to file based upon the docket text or the docketing event and instead considers all filings based on the contents of the filed document.

Nevertheless, in light of the issues raised by the Creditor and given the Sixth Circuit's strong preference for merit decisions, the court grants the *Creditor ECast Settlement Corporation, Assignee of Capital One, N.A.'s Motion for Relief from Judgment* (doc. 51) and, accordingly, vacates the *Order Granting Motion to Redeem Personal Property (4-Wheeler)* (doc. 47).

Further, the court fixes **August 6, 2013** as the date by which any response to the Motion to Redeem (doc. 37) shall be filed. Any such response shall be served in accordance with Local Bankruptcy Rule 9013-3.

In the absence of a timely filed response, the court may grant the Motion to Redeem (doc. 37) without further notice or hearing. In the event that a response is timely filed, the court will issue a further order as appropriate.

**IT IS SO ORDERED.**

Copies to:

Default List

Elizabeth Alphin, 815 W. Market Street, Suite 500, Louisville, KY 40202-2654
    (Counsel for eCast Settlement Corporation, Assignee of Capital One, N.A.)

###